MEIERHENRY, Justice
(dissenting).
[¶ 27.] In 1999 in State v. Himing, we set forth the standard of review of a lower court’s determination of reasonable suspicion and probable cause as follows:
We review fact findings under the clearly erroneous standard. Once the facts have been determined, however, the application of a legal standard to those facts is a question of law reviewed de novo.... “[A]s a general matter deter *605 minations of reasonable suspicion and probable cause should be reviewed de novo on appeal. Having said this, we hasten to point out that a reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.”
1999 SD 53, ¶ 8-9, 592 N.W.2d 600, 603 (quoting Ornelas v. United States, 517 U.S. 690, 699, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996), and abandoning the abuse of discretion standard in light of Ornelas) (other citations omitted). Thus, our review starts with the magistrate court’s findings of fact and an inquiry as to whether the findings are clearly erroneous. We have said:
A trial court’s findings of fact from a suppression hearing must be upheld unless they are clearly erroneous. This Court’s function under the clearly erroneous standard is to determine whether the decision of the lower court lacks the support of substantial evidence, evolves from an erroneous view of the applicable law or whether, considering the entire record, we are left with a definite and firm conviction that a mistake has been made. In making this determination, we review the evidence in a light most favorable to the trial court’s decision.
State v. Belmontes, 2000 SD 115, ¶ 9, 615 N.W.2d 634, 637 (citations omitted) (emphasis added).
[¶ 28.] In applying this standard, the majority first determines that the magistrate’s findings of fact are not clearly erroneous. I agree. The majority then determines that the facts are sufficient to constitute reasonable suspicion. This is where I disagree with the majority. The facts, as determined by the magistrate, do not constitute reasonable suspicion as a matter of law. Observing a person having difficulty walking on an icy parking lot toward a bar at 10:00 p.m. without any indication of impaired driving does not constitute reasonable suspicion as a matter of law. The way the majority reaches that conclusion is by substituting its spin on the transcribed testimony of the arresting officer. To reverse the magistrate’s decision, the majority focuses on one equivocal answer by the officer to a question asked by the defense. The officer agreed that Aaberg’s left leg was “sliding out away from him” and that he had “to hold his arms out to balance himself.” However, when asked, “So, you’d admit that he wasn’t stumbling, or staggering, or weaving, or anything like that,” the officer gave the following ambivalent answer: “Staggering is a relative term, I’d say he probably was staggering a little bit to my estimation.” (Emphasis added). In weighing the evidence and judging the credibility of the testimony, the magistrate disregarded the officer’s statement concerning staggering and found as follows:
5. Officer Kelderman observed Mr. Aa-berg disembark from the vehicle and slowly walk approximately 30 feet on the very icy surface with great difficulty towards the front doors of the Stoplight Lounge.
6. Officer Kelderman did not observe Mr. Aaberg weave, stumble, or fall down.
[¶ 29.] The majority determines that because the magistrate did not make a specific finding that Officer Kelderman’s testimony was not credible, she should have made an additional finding “that Aa-berg staggered, held his arms out to keep his balance, came close to falling down, and walked slower than a normal person.” We have never required a factfinder to enunciate her opinion on the credibility and weight of each answer of a witness, as *606 the majority seems to suggest here. We have consistently deferred to the factfin-der because of the factfinder’s advantage of seeing and hearing the witnesses and therefore being in a better position to weigh the evidence and credibility of a particular answer in light of all the testimony. Enhancing the magistrate’s findings based on the cold record seems inappropriate given our clearly erroneous standard of review.
[¶ 30.] In addition to findings 5 and 6 referenced above, the magistrate also made the following findings regarding the officer’s observations:
3. The Officer Kelderman did not observe any signs of impaired driving.
4. The surface conditions, for both the city streets and parking lot, were very icy.
[[Image here]]
7. Based solely on Mr. Aaberg’s difficulty exiting his vehicle and walking towards the establishment, Officer Kelderman concluded that Mr. Aa-berg was under the influence of “something.” Officer Kelderman was not performing his community caretaker role; he had already concluded prior to seizing Mr. Aaberg that he was under the influence of “something.”
Based on a review of the record, I am not left with a definite and firm conviction that any of the magistrate’s findings were clearly erroneous. All conflicts in the evidence must be resolved in favor of the magistrate’s findings. Belmontes, 2000 SD 115, ¶ 9, 615 N.W.2d at 637. Apparently, the magistrate did not find persuasive the officer’s testimony that Aaberg “probably was staggering a little bit.” Further, that statement by the officer does not render clearly erroneous the magistrate’s finding of fact that “Officer Kelder-man did not observe Mr. Aaberg weave, stumble, or fall down.”
[¶ 31.] The record here contains evidence to support the magistrate court’s findings, and we should not disturb the findings of fact on appeal. Further, we must “give due weight to inferences drawn from those findings” by the magistrate court. Hirning, 1999 SD 53, ¶ 9, 592 N.W.2d at 603 (quoting Ornelas, 517 U.S. at 699, 116 S.Ct. at 1663, 134 L.Ed.2d 911). Therefore, based on the findings of fact and the inquiry as to whether those facts constitute reasonable suspicion, I would affirm the magistrate’s conclusion of law that the officer did not present reasonable, articulable suspicion to seize Aaberg and that the officer acted on “mere whim, caprice, or idle curiosity.”